DAVID S. BROWN and Another, Appellants, *v.* JOHN H. DOSCHER, Respondent.

*Action for infringement of a trade mark — when, although the trade mark and its use are established, a complaint should be dismissed.*

In an action brought to restrain the use by the defendant of the word "Blizzard," as an alleged infringement of the plaintiffs' trade mark on the wrapper used on their soap, the trial court held that the plaintiffs were entitled to the exclusive use of the word "Blizzard" as a trade mark for laundry soap, and the exclusive use of the wrapper which they employed to inclose the cakes of soap, and found, as one of the facts upon which it based the conclusion that the com-

plaint should be dismissed, that the wrapper made use of by the defendant was not calculated to deceive the plaintiffs' customers, nor intending purchasers of the plaintiffs' Blizzard Soap nor the public, and that the wrapper had not actually misled any person to buy soap manufactured by the defendant, believing that it was of the plaintiffs' manufacture.

*Held,* that the judgment dismissing the complaint was proper.

APPEAL by the plaintiffs, David S. Brown and Delaplaine Brown, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 6th day of June, 1893, dismissing the plaintiffs' complaint, rendered upon a decision of the court after a trial at the New York Special Term.

*Rowland Cox,* for the appellants.

*John Henry Hull,* for the respondent.

PARKER, J.:

This action was instituted to restrain the use by the defendant of an alleged infringement of plaintiffs' wrapper. On the appeal from the order denying a motion for an injunction *pendente lite,* this court expressed the opinion that the wrapper complained of could not be regarded as such an imitation of the plaintiffs' wrapper as would be likely to deceive. The trial court, while holding that the plaintiffs are entitled to the exclusive use of the word "Blizzard" as a trade mark for laundry soap, and the exclusive use of the wrapper which they employed to inclose cakes of soap, found as one of the facts upon which it based the conclusion that the complaint should be dismissed, that the wrapper made use of by the defendant "is not calculated to deceive plaintiffs' customers nor intending purchasers of plaintiffs' Blizzard Soap and the public."

And further, that the wrapper has not actually misled any person to buy soap manufactured by defendant in the belief that it was of plaintiffs' manufacture.

After an examination of the wrappers, we agree with the trial judge that the resemblance is not such that it is calculated to deceive the ordinary buyer making his purchase under the ordinary conditions which prevail in the conduct of the particular traffic to which this controversy relates. And a review of the evidence requires a concurrence in his further finding that buyers have not been deceived by it.

Plaintiffs were not, therefore, entitled to succeed. (*Fischer* v.. *Blank*, 138 N. Y. 244.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.